IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 15-CR-00178-KD-B |
| ) | |
| MIGUEL RODRIGUEZ-RODRIGUEZ ) | |
|     Defendant ) | |

## ORDER

This matter is before the Court on Defendant Miguel A. Rodriguez-Rodriguez's "Motion for Downward Departure for Unfor[e]seen Collateral Consequences in Punishment as Alien Not Suffered by Identical United States Citizen (Deportable Alien Pursuant to [18] U.S.C. § 3553)." (Doc. 222). For the reasons discussed herein, the motion is **DENIED**.

On December 16, 2015, the Defendant was convicted of violating 21 U.S.C. §846 (conspiracy to possess with intent to distribute cocaine). On June 17, 2016, pursuant to the mandatory minimum sentence provisions of 21 U.S.C. §841(b)(1)(B), the Court sentenced the Defendant to a term of 60 months in the custody of the Bureau of Prisons. (Doc. 190).

Per the Presentence Investigation Report ("PSIR"), pursuant to U.S.S.G. §2D1.1, a 21 U.S.C. § 846 offense involving at least 500 grams but less than 2 kilograms of cocaine has a base offense level of 24. U.S.S.G. §2D1.1(c)(8). Pursuant to U.S.S.G. §3B1.1(c), the Defendant received a 2 point adjustment due to his role as an organizer, leader, manager, or supervisor, for an adjusted offense level of 26. In his motion, the Defendant requests that the Court reduce his sentence and "grant him a two (2) point downward departure from his base offense level due to his status as deportable alien…." (Doc. 222 at 3-4). The Defendant made no objection to the calculation of his base offense or adjusted base offense levels. At sentencing, the Court adopted the findings of the PSIR as its own.

1

As the Defendant was subject to a mandatory minimum 60 month term of imprisonment, in the absence of a motion by the United States related to the Defendant's substantial assistance, this Court lacks the ability to depart downward from the 60 month sentence imposed in this case. The mandatory minimum rather than the Defendant's base offense level dictated the Defendant's sentence. Thus, even if the Defendant's base offense level was re-calculated, his mandatory minimum sentence of 60 months would remain in place. Thus, the motion to depart downward from Defendant's base offense level is without merit and is **DENIED**.

Additionally, to the extent that the motion is a request to modify the Defendant's sentence, the law provides that sentencing courts generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) ("[g]enerally, a district court may not modify a term of imprisonment once imposed"). Thus, "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010); *see also United States v. Jackson*, 613 F.3d 1305, 1308 (11th Cir. 2010) ("A district court may not modify a term of imprisonment once it has been imposed, except in some cases where modification is expressly permitted by statute or Fed.R.Crim.P. 35."). By statute, a sentencing court may modify a term of imprisonment only (1) upon motion by the Director of the Bureau of Prisons, (2) "to the extent otherwise expressly permitted by statute or by Rule 35," or (3) in certain limited circumstances where a sentencing guidelines range has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). The grounds stated in support of Defendant's motion do not fall under any of the above referenced special circumstances. Therefore, this Court does not have jurisdiction to modify the Defendant's sentence.

**DONE** and **ORDERED** this **3rd** day of **May 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**